UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.: _____

| | |
|---|---|
| **ABDULLA MONTHER**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **ALKAFAWEEN FOOD STORE, INC** d/b/a | ) |
| Midway Food Market f/k/a S&M Grocery, | ) |
| Inc. f/k/a Alqurneh LLC; **ZAQU, INC.** d/b/a | ) |
| Midway Food Market f/k/a S&M Grocery, | ) |
| Inc. f/k/a Alqurneh LLC; **MAJED M.** | ) |
| **ALKAFAWEEN**; and **MOHAMMED ISSA** | ) |
| **ALQURNEH**, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT
### (OPT-IN PURSUANT TO 29 U.S.C § 216(B))

Plaintiffs ABDULLA MONTHER ("Plaintiff") and other similarly situated individuals sue defendants ALKAFAWEEN FOOD STORE, INC d/b/a Midway Food Market f/k/a S&M Grocery, Inc. f/k/a Alqurneh LLC; ZAQU, INC. d/b/a Midway Food Market f/k/a S&M Grocery, Inc. f/k/a Alqurneh LLC; MAJED M. ALKAFAWEEN; and MOHAMMED ISSA ALQURNEH (collectively "Defendants") and allege:

### JURISDICTION

1.  This is an action to recover money damages for unpaid overtime wages under the laws of the United States.

www.saenzanderson.com



2.     This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

## VENUE

3.     Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

4.     ALKAFAWEEN FOOD STORE, INC d/b/a Midway Food Market f/k/a S&M Grocery, Inc. f/k/a Alqurneh LLC; ZAQU, INC. d/b/a Midway Food Market f/k/a S&M Grocery, Inc. f/k/a Alqurneh LLC (the "Corporate Defendants"); MAJED M. ALKAFAWEEN; and MOHAMMED ISSA ALQURNEH (the "Individual Defendants"), are Florida companies and Florida residents, respectively, having their main place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendants, and at all times material hereto were and are engaged in interstate commerce. The Individual Defendants, upon information and belief, reside in Miami-Dade County, Florida.

5.     Corporate Defendants share common ownership, common management, centralized control of labor relations, and common offices and interrelated operations.  The Corporate Defendants are agents of each other or are an integrated enterprise.  Alternatively, each company is an enterprise under the Act.

6.     Corporate Defendants share employees or interchange employees; work in the direct interest of one another; and their employees are in the common control of both companies. The Companies are agents of each other or are joint employers.  Alternatively, each company is an enterprise under the Act.

www.saenzanderson.com



## COUNT I: WAGE AND HOUR
## VIOLATION BY THE CORPORATE DEFENDANTS (OVERTIME)

7.      Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-6 above as if set out in full herein.

8.      This action is brought by Plaintiff and those similarly situated to recover from the Corporate Defendants unpaid minimum and overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

9.      29 U.S.C. § 206 (a) (1) states "... an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)]".  On July 24, 2007 Federal minimum wage was raised to $5.85/hr.  On July 24, 2008, Federal minimum wage was raised to $6.55/hr.  On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

10.     The Act provides minimum standards that may be exceeded but cannot be waived or reduced.  Employers must comply, for example, with any Federal, State or municipal laws, regulations or ordinances establishing a higher minimum wage or lower maximum workweek than those established under the Act. 29 C.F.R. § 541.4.

11.     In Florida, the minimum wage in 2020 is $8.50 per hour.

www.saenzanderson.com



12.     Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Corporate Defendants are and, at all times pertinent to this Complaint, were engaged in interstate commerce. At all times pertinent to this Complaint, the Corporate Defendants operate as organizations which sell and/or market services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Corporate Defendants obtain and solicit funds from non-Florida sources, accept funds from non-Florida sources, use telephonic transmissions going over state lines to do their business, transmit funds outside the State of Florida, and otherwise regularly engage in interstate commerce, particularly with respect to their employees. Upon information and belief, the annual gross revenue of the Corporate Defendants was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

13.     By reason of the foregoing, the Corporate Defendants are and were, during all times hereafter mentioned, enterprises engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly situated were and/or are engaged in interstate commerce for the Corporate Defendants. The Corporate Defendants' business activities involve those to which the Act applies. The Corporate Defendants is are a Food, Cigarette, Food Stamp, and Beer Market and, through their business activities, affect interstate commerce. The Plaintiff's work for the Corporate Defendants likewise affects interstate commerce. Plaintiff was employed by the Corporate Defendants as a non-exempt cashier/attendant for the Corporate Defendants' business.

www.saenzanderson.com



4

14.     While employed by the Corporate Defendants, Plaintiff worked approximately an average of 70-84 hours per week without being compensated at the rate of not less than one- and one-half times the regular rate at which he was employed. Plaintiff was employed as a Cashier performing the same or similar duties as that of those other similarly situated Cashier(s) whom Plaintiff observed working in excess of 40 hours per week without overtime compensation.

15.     Plaintiff worked for the Corporate Defendants from approximately December 13, 2018 through June 11, 2020. In total, Plaintiff worked approximately 78 compensable weeks under the Act, or 78 compensable weeks if we count 3 years preceding the date of the filing of the instant action.

16.     The Corporate Defendants paid Plaintiff on average approximately $8.33 per hour.

17.     However, the Corporate Defendants did not properly compensate Plaintiff for hours that Plaintiff worked in excess of 40 per week.

18.     Plaintiff seeks to recover unpaid overtime and minimum wages accumulated from the date of hire and/or from 3 (three) years preceding the date of the filing of this Complaint.

19.     Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of his unpaid minimum and overtime wages is as follows:

**Minimum Wages**

**$8.50 - $8.33 = $0.17 x 30 = $5.1 x 22 = $112.20**

**Overtime Wages**

**a. Actual Damages:** $9,746.10

www.saenzanderson.com

SAENZ & ANDERSON
ATTORNEYS AT LAW

i. Calculation: $8.33 (hourly pay) x .5 (overtime rate) x 30 (approximate number

of overtime hours) x 78 (compensable weeks) = $9,746.10.

**b. Liquidated Damages:** $9,746.10

**c. Total Damages: $19,604.40** ($19,492.20 + $112.20) plus reasonable attorneys' fees and costs

of suit.

20.    At all times material hereto, the Corporate Defendants failed to comply with Title

29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly

situated performed services and worked in excess of the maximum hours provided by the Act but

no provision was made by the Corporate Defendants to properly pay them at the rate of time and

one half for all hours worked in excess of forty hours (40) per workweek as provided in the Act.

The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or

former employees of the Corporate Defendants who are and who were subject to the unlawful

payroll practices and procedures of the Corporate Defendants and were not paid time and one half

of their regular rate of pay for all overtime hours worked in excess of forty.

21.    The Corporate Defendants knew and/or showed reckless disregard for the

provisions of the Act concerning the payment of overtime and minimum wages and remain owing

Plaintiff and those similarly situated these overtime and minimum wages since the commencement

of Plaintiff's and those similarly situated employees' employment with the Corporate Defendants

as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

The Corporate Defendants never posted any notice, as required by Federal Law, to inform

employees of their federal rights to overtime and minimum wage payments.

www.saenzanderson.com



22.     The Corporate Defendants willfully and intentionally refused to pay Plaintiff minimum and overtime wages as required by the laws of the United States as set forth above and remain owing Plaintiff these wages since the commencement of Plaintiff's employment with the Corporate Defendants as set forth above.

23.     Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<strong><u>PRAYER FOR RELIEF</u></strong>

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly situated and against the Corporate Defendants on the basis of the Corporate Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

<strong><u>BENCH TRIAL DEMAND</u></strong>

Plaintiff and those similarly situated demand trial by a Judge of all issues so triable as of right.

<strong>COUNT II: WAGE AND HOUR VIOLATION BY<br>THE INDIVIDUAL DEFENDANTS (OVERTIME)</strong>

www.saenzanderson.com



24.      Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-23 above as if set out in full herein.

25.      At the times mentioned, the Individual Defendants are and were officers, managers or owners of the Corporate Defendants. The Individual Defendants were employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the Act [29 U.S.C. § 203(d)], in that these defendants acted directly or indirectly in the interests of the Corporate Defendants in relation to the employees of the Corporate Defendants, including Plaintiff and others similarly situated.

26.      Individual Defendants had operational control of the Corporate Defendants, were involved in the day-to-day functions of the Corporate Defendants, provided Plaintiff with his work schedule, and are jointly liable for Plaintiff's damages.

27.      The Individual Defendants were and are, at all times relevant, persons in control of the Corporate Defendants' financial affairs and can cause the Corporate Defendants to compensate (or not to compensate) their employees in accordance with the Act.

28.      The Individual Defendants willfully and intentionally caused Plaintiff not to receive minimum and overtime compensation as required by the laws of the United States as set forth above and remain owing Plaintiff these wages since the commencement of Plaintiff's employment with the Corporate Defendants as set forth above.

29.      Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

www.saenzanderson.com



8

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly situated and against the Individual

Defendants on the basis of the Defendants' willful violations of the Fair Labor Standards Act, 29

U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime

compensation for hours worked in excess of forty weekly; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief, as this Court deems equitable and just.

## BENCH TRIAL DEMAND

Plaintiff and those similarly situated demand trial by a Judge of all issues so triable as of

right.

Dated: July 6, 2020.                              Respectfully submitted,

**s/Tanesha W. Blye**
Tanesha Blye (FBN: 738158)
E-mail: tblye@saenzanderson.com
Aron Smukler (FBN: 297779)
E-mail: asmukler@saenzanderson.com
R. Martin Saenz (FBN: 0640166)
E-mail: msaenz@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida  33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff*

www.saenzanderson.com



9